UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------------------------x

Lakesha Harris

                      Plaintiff,

-v.-

Contract Callers, Inc.

                      Defendant.

---------------------------------------------------------------------------x

Case No:

**COMPLAINT**

Plaintiff Lakesha Harris ("Plaintiff") by and through her attorneys, RC Law Group, PLLC as and for her Complaint against Defendant Contract Callers, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

4. Plaintiff is a resident of the State of Texas, County of Harris, residing at 3000 Woodland Park, Houston, TX 77082.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 501 Green St., 3rd Fl., Ste 302, Augusta, GA 30901.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Without waiving her right to dispute the Alleged Debt, Plaintiff avers that this debt is held by the original creditor Dominion Resources Inc., was incurred for utilities and therefore personal purposes and is a consumer debt under the FDCPA.

10. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

11. Defendant reported the Alleged Debt on the Plaintiff's credit report.

12. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on September 15, 2016.

13. Plaintiff examined her credit report again on November 28, 2016 and found that Defendant had re-reported the Alleged Debt on Plaintiff's credit report in November of 2016.  When Defendant re-reported the Alleged Debt after it had notice of Plaintiff's dispute, it did not list the account as "disputed by consumer" despite being required to do so by the FDCPA.

14. As a result of Defendant's improper debt collection practices described above, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully stated herein with the same force and effect as if the same were set forth at length herein.

16. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), 1692e(10), and 1692f.

17. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)  For a declaration that Defendant violated the FDCPA; and

e)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED, this 31st day of March, 2017

*/s/ Michael Jay Ringelheim*
Michael Jay Ringelheim
**RC Law Group, PLLC**
TX State Bar # 24090354
285 Passaic Street
Hackensack, NJ 07601
Tel. 201-282-6500 ext. 101
Fax 201-282-6501
mjringelheim@rclawgroup.com
*Attorneys for Plaintiff*